FILED ___ ___ RECEIVED
ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

JAN 3 0 2013

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY PERRY OLIVER,

    *Petitioner*,

vs.

HOWARD SKOLNICK, *et al.*,

    *Respondents*.

2:12-cv-02189-RCJ-VCF

ORDER

    Petitioner has filed a habeas petition without either paying the filing fee or filing a pauper application. It does not appear that a dismissal without prejudice will materially affect a later analysis of the timeliness issue in regard to a promptly filed new action.[1] The present

---

[1] The papers on file and the online docket records of the Supreme Court of Nevada and state district court reflect the following.

Petitioner was convicted in Nevada state court, pursuant to a jury verdict, of attempted murder and battery constituting domestic violence, and he was adjudicated a habitual criminal. On June 3, 2009, the state supreme court affirmed in part and reversed in part, remanding to the district court to correct the judgment of conviction to vacate the conviction for attempted murder. It is not immediately apparent from the online docket sheet that a corrected final judgment has been filed in the district court. The conclusion of direct review proceedings potentially could hinge upon the expiration of appellate delays running from the filing of a corrected judgment, if and once filed.

While the initial direct appeal was pending, petitioner filed a state post-conviction petition. The state district court minutes reflect a notation by the court that "this case is on appeal in the Supreme Court and this case has no jurisdiction until after it has been returned by the Supreme Court." It is not immediately apparent from the online docket sheet that the petition was dismissed as opposed to held in abeyance.

Also while the initial direct appeal was pending, petitioner filed a motion to correct illegal sentence in the state district court. The court denied the motion on June 4, 2009. Petitioner did not appeal the denial of the motion, and the time for doing so expired on or about Monday, July 6, 2009.

(continued...)

improperly-commenced action therefore will be dismissed without prejudice to the filing of a new action.

IT THEREFORE IS ORDERED that this action is DISMISSED without prejudice to the filing of a new petition in a new action accompanied by either the required $5.00 filing fee or a properly completed application to proceed in forma pauperis.

IT FURTHER IS ORDERED that the Clerk shall send petitioner two copies each of an application form to proceed in forma pauperis for incarcerated persons and a noncapital Section 2254 habeas petition form, one copy of the instructions for each form, and a copy of the papers that he submitted in this action.

The Clerk of Court shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: This 29th day of January, 2013.

_____
ROBERT C. JONES
Chief United States District Judge

---

[1](...continued)
More than three years later, on or about July 17, 2012, petitioner filed another motion to correct illegal sentence in the state district court. The court denied the motion on September 26, 2012, and petitioner did not appeal the denial of the motion to the state supreme court.

From the foregoing procedural history, the federal one-year limitation period either: (a) has long since expired absent substantial tolling separate and apart from the interval between the dismissal of this action and the prompt filing of a properly-commenced action; or (b) has not even begun to run as yet. Either way, the dismissal of the present action without prejudice will not materially impact the analysis of any limitation issue raised in a promptly-filed new action.

Petitioner at all times remains responsible for calculating the running of the federal limitation period as applied to his case and properly commencing a timely-filed federal habeas action with exhausted claims.